# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 13-1107** (Harrison County 12-F-138)

**Jerry R.,**
**Defendant Below, Petitioner**

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jerry R.[1], by counsel Wiley W. Newbold, appeals the Circuit Court of Harrison County's September 12, 2013, sentencing order following his convictions of one count of first degree sexual abuse; two counts of sexual abuse by a parent, guardian, custodian, or person in position of trust; and one count of third degree sexual abuse.[2] The State, by counsel Laura Young, filed a response in support of the circuit court's order. Petitioner argues that the circuit court improperly denied a motion to strike one of the potential jurors and made erroneous evidentiary rulings against him. Petitioner also argues that the evidence was insufficient to support his convictions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

In November of 2012, petitioner was tried by a jury on twelve counts of various sexual offenses. The circuit court granted petitioner's motion for acquittal on four of the twelve counts and submitted the remaining counts for the jury's deliberation. The jury found petitioner guilty of one count of first degree sexual abuse; one count of third degree sexual abuse; and two counts of sexual abuse by a parent, guardian, custodian, or person in position of trust. The jury found petitioner not guilty of the remaining counts. Following trial, the circuit court heard arguments on petitioner's motion for a new trial and motion for a judgment of acquittal; it denied both motions. In September of 2013, the circuit court sentenced petitioner to five to twenty-five years in prison for his first degree sexual abuse conviction; ninety days in jail for his third degree sexual abuse conviction; and a two terms of ten to twenty years in prison for his two convictions

---

[1] Because this case involves sensitive facts, we use only petitioner's initials to protect the victims' identification. *See State v. Edward Charles L.,* 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Petitioner's counsel filed this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).

1

of sexual abuse by a parent, guardian, custodian, or person in position of trust. The circuit court ordered petitioner to serve these sentences concurrently and, upon release from imprisonment, to register as a sex offender within three business days and to serve ten years of supervised release. The circuit court also ordered petitioner to assume financial responsibility of the victims' treatment. This appeal followed.

On appeal, petitioner asserts the following: (1) the circuit court improperly denied petitioner's objection to strike one of the jurors, (2) the circuit court erred in its evidentiary rulings, and (3) there was insufficient evidence to support petitioner's convictions. Upon our review of the record, we find no error by the circuit court.

Petitioner first argues that the circuit court improperly overruled his objection to one of the jurors who was ultimately struck and did not participate in the verdict. This potential juror had indicated that she had read something about the case and that one of petitioner's cousins was her best friend and discussed the matter with her, but that she had not formed an opinion about the case, had no bias or prejudice, and would make a decision based solely on the evidence presented. The circuit court denied petitioner's motion to strike her. However, this juror ultimately did not serve on the jury as a result of peremptory strike. This Court has held the following:

> A trial court's failure to remove a biased juror from a jury panel, as required by W.Va. Code § 62–3–3 (1949) (Repl.Vol.2010), does not violate a criminal defendant's right to a trial by an impartial jury if the defendant removes the juror with a peremptory strike. In order to obtain a new trial for having used a peremptory strike to remove a biased juror from a jury panel, a criminal defendant must show prejudice.

Syl. Pt. 3, in part, *State v. Sutherland*, 231 W.Va. 410, 745 S.E.2d 448 (2013). The record does not show that petitioner was prejudiced when the circuit court denied his motion to strike the juror at issue, nor does petitioner assert that he was prejudiced as a result. Accordingly, we reject petitioner's first assignment of error.

In his second assignment of error, petitioner argues that several evidentiary rulings by the circuit court were in error. First, petitioner alleges that the circuit court erred in overruling his objection to the State's Child Protective Services ("CPS") witness on the grounds that the testimony had been asked and answered. "It is fundamental that where the subject matter of a question has been introduced by a defendant on cross-examination, it may properly be covered on redirect." *State v. Haught*, 179 W.Va. 557, 567, 371 S.E.2d 54, 64 (1988). The record shows that on cross-examination, petitioner's counsel asked the CPS worker about a conversation she had with the State's counsel concerning one of the victims. Accordingly, it was proper on re-direct examination for the State to further question the CPS worker as to why she had this discussion.

The next evidentiary ruling that petitioner challenges is that the circuit court erred in sustaining the State's objection concerning petitioner's inquiry of one of the State's witnesses about a book on brainwashing, which was found during a search of petitioner's home. "The

action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 2, *State v. Doonan*, 220 W.Va. 8, 640 S.E.2d 71 (2006) (internal citations omitted). The record demonstrates this testimony was not crucial to any issue in dispute and no argument was made concerning the book's significance at trial. Therefore, we do not find the circuit court abused its discretion in prohibiting further inquiry about the book.

Petitioner next contends that the circuit court erred in overruling his hearsay objection to the State's inquiry of the victim about a conversation the victim had with her sister. We bear in mind the following:

> Generally, out-of-court statements made by someone other than the declarant while testifying are not admissible unless: 1) the statement is not being offered for the truth of the matter asserted, but for some other purpose such as motive, intent, state-of-mind, identification or reasonableness of the party's action; 2) the statement is not hearsay under the rules; or 3) the statement is hearsay but falls within an exception provided for in the rules.

Syl. Pt. 1, *State v. Maynard*, 183 W.Va. 1, 393 S.E.2d 221 (1990). The record shows that the testimony at issue was not offered for the truth of the matter asserted, but to show the reasonableness of the victim's actions.

Petitioner also argues that the circuit court erroneously sustained the State's objection to his questioning one of the victims as to whether that victim's sister was the payee of the victim's social security. The record shows that when the State objected to the relevance of this question, the parties had a side bar with the circuit court, and accepted that the question would be more appropriately asked of the victim's sister. Our review of the record reveals no error by the circuit court in its admission or omission of the subject evidence raised on appeal and, accordingly, we find no error warranting reversal of petitioner's convictions.

In petitioner's final assignment of error, he challenges the sufficiency of the evidence at trial. We have held as follows:

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). The record includes the victims' trial testimony, which discussed petitioner subjecting them to sexual contact. Moreover,

other witnesses testified about the activities that occurred in petitioner's home surrounding his sexual abuse of the victims. We find no grounds to disturb petitioner's convictions.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II