# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

### September 2017 Term

_____

### No. 16-0666

_____

FILED

## September 13, 2017

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### STATE OF WEST VIRGINIA,
**Plaintiff Below, Respondent**

**v.**

### MICHAEL L. BLICKENSTAFF,
**Defendant Below, Petitioner**

_____

**Appeal from the Circuit Court of Jefferson County
The Honorable David H. Sanders, Judge
Criminal Action No. 15-F-91**

### AFFIRMED

_____

**Submitted: September 6, 2017
Filed: September 13, 2017**

**Dana F. Eddy, Esq.**
**Director Public Defender Services**
**Scott E. Johnson, Esq.**
**Public Defender Services**
**Appellate Advocacy Division**
**Charleston, West Virginia**
**Counsel for the Petitioner**

**Robert L. Hogan, Esq.**
**Deputy Attorney General**
**Charleston, West Virginia**

**Brandon C. H. Sims, Esq.**
**Assistant Prosecutor**
**Jefferson County Prosecuting Attorney**
**Charles Town, West Virginia**
**Counsel for the Respondent**

**JUSTICE KETCHUM delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.      "An objection to a circuit court ruling that admits evidence must be timely made and must state the specific ground of the objection, if the specific ground is not apparent from the context."  Syl. Pt. 3, *Perrine v. E.I. du Pont de Nemours & Co.*, 225 W.Va. 482, 694 S.E.2d 815 (2010).

2.      "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect."  Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996).

3.      "Failure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court."  Syl. Pt. 6, *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945).

4.      "It is presumed a defendant is protected from undue prejudice if the following requirements are met: (1) the prosecution offered the evidence for a proper purpose; (2) the evidence was relevant; (3) the trial court made an on-the-record determination under Rule 403 of the West Virginia Rules of Evidence that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the trial court gave a limiting instruction."  Syl. Pt. 3, *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996).

**Justice Ketchum:**

The Defendant, Michael Blickenstaff, was indicted for kidnapping his ex-girlfriend, Nicole M., after he allegedly drove her around for five hours at knifepoint. Nicole M. did not physically resist the kidnapping.

The State argued at trial that Nicole M. did not physically resist because she feared Mr. Blickenstaff after he subjected her to domestic violence during their previous relationship. It presented expert witness testimony that domestic violence victims are often more compliant with their abusers out of fear. The State also introduced into evidence Mr. Blickenstaff's previous conviction for second-degree domestic assault against Nicole M. At the end of his trial, Mr. Blickenstaff was convicted of kidnapping and sentenced to life without parole.

Mr. Blickenstaff argues that the trial court abused its discretion in the following two ways: (1) it allowed the State's expert witness to offer improper testimony; and (2) it caused undue prejudice to his defense by admitting his previous conviction into evidence. We find that Mr. Blickenstaff failed to timely and specifically object to the expert witness's testimony, and therefore, he waived this issue for appellate review. In addition, we find no abuse of discretion in the circuit court's admission of his previous conviction. Therefore, we affirm Mr. Blickenstaff's conviction and sentencing.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

On the morning of August 25, 2014, Nicole M. was driving her four-year-old daughter, E.M.,[1] to daycare in their hometown of Smithburg, Maryland. Mr. Blickenstaff, who was in town to visit E.M. (also his daughter), rode in the car's front-passenger seat. The car needed gas, and Nicole M. pulled into the gas station where the alleged kidnapping began.

Nicole M. testified that after the car stopped, Mr. Blickenstaff flashed his knife at her. He said, "not to do anything stupid, that it was going to be the worst day of [her] life, to get into the passenger seat, and he was taking over from here." Nicole M. did what Mr. Blickenstaff told her to do without putting up any physical resistance or calling for help. E.M. was still in the car.

Mr. Blickenstaff drove Nicole M. and E.M. around Maryland, West Virginia, and Virginia for five hours. When they crossed into West Virginia, Mr. Blickenstaff threw Nicole M.'s cell phone out the car window and threatened to stab her. He also told her he was going to carve his initials into her forehead, and when she tearfully stated that she did not care what kind of lettering he used, he responded: "I like it that you left it to the artist." Fortunately, Mr. Blickenstaff did not carve his initials into Nicole M.'s forehead. However, before leaving West Virginia, he punched her in the

---

[1] Because E.M. is a child, we follow our practice under West Virginia Rule of Appellate Procedure 40(e) and use her initials to refer to her. Because Nicole M. and E.M. have the same last name, we refer to Nicole M. by her last-name initial. *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

mouth so forcefully that her tooth broke through her upper lip, and he cut her throat with his knife, leaving visible marks. Finally, they left West Virginia for Maryland. He did not physically harm E.M., who was in the car during this time.

Mr. Blickenstaff, Nicole M., and E.M. arrived at Nicole M.'s apartment that afternoon. Nicole M. reported her kidnapping the following day when her boss, who saw the bruises from Mr. Blickenstaff's punch and the knife-mark on her throat, persuaded her to do so. By the time Nicole M. reported her kidnapping, Mr. Blickenstaff had absconded from her apartment with E.M. The authorities conducted a search and found E.M. with Mr. Blickenstaff at a Pennsylvania motel. The authorities immediately returned her to Nicole M.

Mr. Blickenstaff was tried and convicted in Maryland on one count of false imprisonment, and in West Virginia, he stood trial on one count of kidnapping. In his kidnapping trial, the State addressed Nicole M.'s failure to physically resist by presenting expert testimony from Katherine Spriggs, a program manager from Shenandoah Women's Center who works full-time with domestic violence victims. Ms. Spriggs testified that victims of domestic violence are often more compliant with their abusers out of fear, not consent. The State also introduced into evidence Mr. Blickenstaff's previous conviction for second-degree domestic assault against Nicole M.

Before his trial, Mr. Blickenstaff filed a motion to exclude Ms. Spriggs's testimony. He claimed that her testimony as a whole would be irrelevant and unduly prejudicial, but he provided no explanation as to why. In a separate motion, he also objected to the introduction of his previous conviction into evidence. After a pretrial

3

hearing on his motions, the trial court overruled Mr. Blickenstaff's objections. Mr. Blickenstaff did not object to Ms. Spriggs's testimony at trial.

At the end of his trial, Mr. Blickenstaff was convicted on his kidnapping charge and sentenced to life without parole. He now appeals his conviction and sentencing.

## II.
## STANDARD OF REVIEW

We are asked to determine whether the trial court erred in the following two ways: (1) permitting an expert witness to offer improper testimony; and (2) admitting Mr. Blickenstaff's previous conviction into evidence, thereby causing undue prejudice to his defense. The standard of review for both assigned errors is abuse of discretion. As to the expert witness's testimony, we have provided: "The decision to admit or reject expert evidence is committed to the sound discretion of a trial court, and the court's determinations are reviewable only for abuse of discretion."[2] Likewise, "we review for an abuse of discretion the trial court's conclusion that the 'other acts' evidence is more probative than prejudicial under [West Virginia Rule of Evidence] 403."[3]

---

[2] *State v. LaRock*¸ 196 W.Va. 294, 306, 470 S.E.2d 613, 625 (1996).

[3] *LaRock*, 196 W.Va. at 310-11, 470 S.E.2d at 629-30.

4

# III.
# ANALYSIS

Mr. Blickenstaff argues that his conviction and sentencing should be reversed for the following two reasons: (1) the trial court permitted Katherine Spriggs, an expert witness for the State, to offer improper testimony; and (2) it unduly prejudiced his defense by admitting his previous conviction into evidence. Because Mr. Blickenstaff did not raise a timely and specific objection to Ms. Spriggs's testimony, we find that he waived this issue for appellate review. Furthermore, we find no abuse of discretion in the admission of his previous conviction. Therefore, we affirm Mr. Blickenstaff's conviction and sentencing.

## A. *Expert Witness Testimony*

Mr. Blickenstaff's first argument pertains to the State's expert witness, Ms. Spriggs, who testified that victims of domestic violence, such as Nicole M., are often more compliant with their abusers out of fear, not consent. On appeal, he complains that: (a) she briefly discussed the lethality index – that is, a set of factors used by law enforcement to determine whether a relationship may end in the abuser killing his/her victim; and (b) she bolstered Nicole M.'s credibility.

By contrast, the State argues that Mr. Blickenstaff failed to raise a timely and specific objection in the trial court to Ms. Spriggs's testimony, and therefore, he waived his assigned errors regarding her testimony for appellate review. As we have noted: "Our cases consistently have demonstrated that, in general, the law ministers to the vigilant, not to those who sleep on their rights. . . . When a litigant deems himself or

5

herself aggrieved . . . he or she ordinarily must object then and there or forfeit any right to complain at a later time."[4]

Mr. Blickenstaff did not object to Ms. Spriggs's testimony during his trial. However, before trial, he filed a motion to exclude her testimony as a whole on the grounds of relevancy and undue prejudice. He provided no explanation as to why her testimony would be irrelevant or unduly prejudicial. In addition, after his trial, Mr. Blickenstaff filed a motion for a new trial and a separate motion for a judgment of acquittal partly based on Ms. Spriggs's alleged bolstering of Nicole M.'s credibility. His posttrial motions did not mention Ms. Spriggs's brief discussion on the lethality index.

Under West Virginia Rule of Evidence 103(a): "A party may claim error in a ruling to admit . . . evidence only if . . . (1) . . . a party, on the record: (A) *timely* objects or moves to strike; and (B) *states the specific ground*, unless it was apparent from the context."[5] Likewise, we have held: "An objection to a circuit court ruling that admits evidence must be *timely* made and must *state the specific ground of the objection*, if the specific ground is not apparent from the context."[6] This rule is in place so that trial courts have a fair opportunity to address legal errors before or as they arise, thereby

---

[4] *LaRock*, 196 W.Va. at 316, 470 S.E.2d. at 635.

[5] Emphasis added.

[6] Syl. Pt. 3, *Perrine v. E.I. du Pont de Nemours & Co.*, 225 W.Va. 482, 694 S.E.2d 815 (2010) (emphasis added).

6

obviating the need for an appeal.[7] Of course, this objective is more achievable when the aggrieved party provides the trial court with timely and full disclosure of the reason(s) he or she is objecting.[8]

Generally, objections are waived if they are raised too late for the trial court to address the alleged error, which is why we held that: "Failure to make timely and proper objection to remarks of counsel made in the presence of the jury, *during the trial of a case*, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court."[9] In the same vein, as to specificity, we have held: "To preserve an issue for appellate review, a party must articulate it with *such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect*."[10] Indeed: "Trial courts should not have to guess the nature of claimed defects. . . . [and] this Court

---

[7] Louis J. Palmer, Robin J. Davis, & Franklin D. Cleckley, 1 Handbook on EVIDENCE for West Virginia Lawyers §103.0[2][h] at 65(6th ed. 2015) ("The rationale behind Rule 103 is to require full disclosure of the reasons why . . . an objection is being pressed in the trial court, so that the trial judge is given a fair chance at an informed ruling and the opponent has a meaningful opportunity to obviate any legal impediment raised to the matters they present.").

[8] *Id.*

[9] Syl. Pt. 6, *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945) (emphasis added).

[10] Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996) (emphasis added).

7

should not have to examine with a fine tooth comb the lines of trial transcripts to discern the true meaning of objections made at trial."[11]

With these principles in mind, we first address Mr. Blickenstaff's pretrial motion to exclude Ms. Spriggs's testimony. He claimed in this motion that Ms. Spriggs's testimony, as a whole, would be irrelevant and unduly prejudicial, but he provided no explanation as to why. At a hearing on his motion, he merely stated that: "[Ms. Spriggs has] never spoken to either the Defendant or the victim. She's just going to speak in generalities. She has no idea of what – she's a fact witness. She has nothing factual to add of value." Unsurprisingly then, the trial court's pretrial ruling on Mr. Blickenstaff's motion addressed the broad grounds he raised in his motion, not the specific grounds he now raises before this Court (her discussion on the lethality index and alleged bolstering of Nicole M.'s credibility). In addition, Mr. Blickenstaff raised no objection to Ms. Spriggs's testimony at trial.

On this record, we find that Mr. Blickenstaff's pretrial motion did not alert the trial court to the specific nature of his claimed defect, which did not afford the trial court a fair opportunity to address his claimed legal errors. Therefore, it did not meet Rule 103's specificity requirement.

Next, we examine Mr. Blickenstaff's contention that it was error to allow Ms. Spriggs to bolster Nicole M.'s credibility. He did not raise this issue until *after* his trial – when it was too late for the trial court to address the alleged error. Therefore, his

---

[11] *State v. Ladd*, 210 W.Va. 413, 428-29, 557 S.E.2d 820, 835-36 (2001).

8

posttrial objection to Ms. Spriggs bolstering Nicole M.'s credibility did not meet Rule 103's timeliness requirement.

Mr. Blickenstaff was required under West Virginia Rule of Evidence 103(a) to raise a timely and specific objection to Ms. Spriggs's testimony. Because he failed to do so, we find that he waived this issue for appellate review.[12]

### B.     Mr. Blickenstaff's Previous Conviction

Mr. Blickenstaff also argues that the trial court erred by admitting his previous conviction for domestic assault against Nicole M. into evidence. West Virginia Rule of Evidence 404(b)[13] states, in part:

> (b) Crimes, Wrongs, or Other Acts.
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice Required. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

---

[12] In addition to asserting the trial court erred by allowing Ms. Spriggs to testify on the lethality index and bolster Nicole M.'s credibilty, Mr. Blickenstaff also asserted that the trial court erred by allowing Ms. Spriggs to testify as to the effect of domestic violence on victims. We disagree. Ms. Spriggs's testimony on Nicole M.'s state of mind during her kidnapping, as influenced by Mr. Blickenstaff's previous domestic violence against her, is relevant to whether she consented to her kidnapping.

[13] Shortly after the alleged kidnapping, on September 2, 2014, Rule 404(b) was amended in ways that do not affect this appeal's outcome.

9

Furthermore, we have held: "W.Va. R. Evid. 404(b) is an 'inclusive rule' in which all relevant evidence involving other crimes or acts is admitted at trial unless the sole purpose for the admission is to show criminal disposition."[14]

Before trial, the State filed a "Notice of Intent to Present Evidence Under Rule 404(b)," revealing that it intended to use Mr. Blickenstaff's previous domestic assault conviction to show that Nicole M. failed to physically resist her kidnapping out of fear, not consent. In other words, the State sought to introduce Mr. Blickenstaff's previous conviction to establish that Nicole M. was kidnapped against her will.

Mr. Blickenstaff asserts the trial court unduly prejudiced his defense by admitting his previous conviction. To this point, we have held:

> It is presumed a defendant is protected from undue prejudice if the following requirements are met: (1) the prosecution offered the evidence for a proper purpose; (2) the evidence was relevant; (3) the trial court made an on-the-record determination under Rule 403 of the West Virginia Rules of Evidence that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the trial court gave a limiting instruction.[15]

We find that all the aforementioned requirements were met; therefore, Mr. Blickenstaff's argument that the trial court erred by admitting his previous conviction is unpersuasive.

First, Mr. Blickenstaff's previous conviction was admitted for a proper purpose, and it was relevant for that purpose. We have held: "Where the lack of consent

---

[14] *State v. Edward Charles L.*, 183 W.Va. 641, 647, 398 S.E.2d 123, 129 (1990).

[15] Syl. Pt. 3, *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996).

10

is an element of the crime, we have recognized that evidence of a defendant's prior violent behavior or incidents of bodily harm toward the victim or others of which the victim is aware may be admissible to show that her actions were not consensual, but were induced by fear." [16]  Lack of consent is an element of kidnapping, so Mr. Blickenstaff's previous domestic violence against Nicole M. may be admitted to show that her actions during her kidnapping were induced by fear, not consent.  Furthermore, it is undisputed that the trial court issued a limiting instruction to the jury when Mr. Blickenstaff's previous conviction was admitted into evidence, and the limiting instruction was repeated in the trial court's general charge to the jury at the conclusion of the evidence.

What remains then, is whether the trial court made an on-the-record determination that the previous conviction's probative value was not substantially outweighed by its potential for unfair prejudice.  As to this factor, we have stated: "The balancing of probative value against unfair prejudice is weighed in favor of admissibility[.] . . . This Court reviews disputed evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effects."[17]

Mr. Blickenstaff argues that the trial court erred in its on-the-record determination because evidence of his previous conviction was not necessary.  That is, in light of Nicole M.'s testimony that Mr. Blickenstaff pulled a knife on her when he

---

[16] *State v. Hanna*, 180 W.Va. 598, 607, 378 S.E.2d 640, 649 (1989).

[17] *LaRock*, 196 W.Va. at 312, 470 S.E.2d at 631.

11

kidnapped her, his previous instance of domestic violence was not needed to establish that she was in fear at that time.

We disagree with Mr. Blickenstaff's argument. Evidence of previous misconduct is not made inadmissible merely because alternative evidence is available.[18] In a similar case, *State v. Rollins*,[19] which involved a defendant's trial for murdering his wife, the defendant claimed that his wife's death was an accident. To rebut the defendant's claim, the State introduced evidence that the defendant had physically abused his wife on previous occasions.[20] When the defendant, on appeal, asserted that evidence of his previous domestic abuse was not necessary in light of a witness's testimony that he confessed to killing his wife, we found no abuse of discretion.[21] We adopted the circuit court's reasoning that: "With respect to other forms of proof, . . . it appears that there is other evidence to show that [Mrs.] Rollins's death was not accidental, but the evidence of prior abuse is the best proof of the nature of the relationship between the Defendant and [his wife]."[22]

---

[18] *See Old Chief v. U.S.*, 519 U.S. 172, 183 n.7 (1997) (Evidence of previous misconduct is not unduly prejudicial merely because there was "some alternative means of proof that the prosecution in its broad discretion chose not to rely on.").

[19] 233 W.Va. 715, 760 S.E.2d 529 (2014).

[20] *Rollins*, 233 W.Va. at 737, 760 S.E.2d at 551.

[21] *Id.*, 233 W.Va. at 738, 760 S.E.2d at 552.

[22] *Id.*, 233 W.Va. at 737, 760 S.E.2d at 551.

12

We find no meaningful distinction between this case and *Rollins*. Mr. Blickenstaff disputed that he took Nicole M. against her will, an issue which would have been dispositive in his kidnapping trial had he prevailed. And because he attacked the credibility of Nicole M.'s testimony, alternative forms of proof became more necessary for the State to prove her lack of consent. Likewise, his previous conviction was the best proof of Nicole M.'s state of mind during her kidnapping. We find no abuse of discretion in the trial court's admission of Mr. Blickenstaff's previous conviction for second-degree domestic assault in his kidnapping trial.

## IV.
## CONCLUSION

We find no reversible error in the trial court's handling of the State's expert witness or in its admission of Mr. Blickenstaff's previous conviction into evidence. Therefore, we affirm Mr. Blickenstaff's conviction and sentencing.

Affirmed.