**FILED**

**June 15, 2026**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 23-535, *State of West Virginia v. Randy C. Cain*

TRUMP, Justice, concurring, in part, and dissenting, in part:

I begin by discussing my agreement with the majority on the parts of its opinion that it got correct. The majority is correct in finding that the trial court was wrong in its ruling, and the State was wrong in its contention on appeal, that the hearsay statements of Deputy Render admitted during trial were admissible under exceptions to the hearsay rule. For reasons thoughtfully explained by the majority, neither Rule 803(1) nor Rule 803(3) provides a path for admission of the deputy's hearsay statements. Likewise, I agree with the majority's refusal to find, as the State has urged this Court to find on appeal, that Rule 807, the residual hearsay exception, justifies admission of the hearsay statements of either witness at the petitioner's trial. While I agree with the majority's decision not to adopt the State's argument and apply Rule 807, I would go farther than the majority did and expressly hold that Rule 807 cannot apply in this case. Finally, I agree that the majority has reached the correct result in this appeal as to the charge of wanton endangerment with a firearm. Like my colleagues in the majority, I find that the conviction for this offense must be reversed.

I respectfully dissent, however, from the majority's decision to affirm the petitioner's conviction for the offense of use or presentment of a firearm during the commission of a felony. I believe the admissible evidence presented at trial was insufficient to prove that charge. Both firearm-related convictions on appeal should be reversed

1

because the essential facts of those charges were established only through inadmissible hearsay testimony admitted over timely, specific objections by the petitioner. Because the improperly admitted hearsay supplied the only direct evidence of the elements of use or presentment of a firearm during the commission of a felony and wanton endangerment, the error was plain and requires reversal of the petitioner's convictions of both charges.

The admissible evidence established only two facts relevant to the firearm charges: first, that the petitioner possessed a handgun on two distinct occasions during the allegedly multi-day incident, and second, that investigators later observed what appeared to be a bullet hole in a television inside the residence. Three still photographs extracted from a digital recording system depicted the petitioner standing on a porch with a handgun at his side. That evidence plainly supports the petitioner's conviction for being a prohibited person in possession of a firearm. But those photographs establish only what they depict. They do not depict the victim, the assault, or the alleged discharge of the firearm, and no witness testified that the petitioner used or displayed the handgun during the assault.

I agree with the majority that the evidence concerning the damaged television did not establish that the petitioner discharged a firearm in the home during the charged events. The investigating detective could not say when the damage occurred, no shell casings or ballistic evidence were recovered, and no forensic or eyewitness evidence connected the alleged bullet hole to the petitioner or to the timeframe of the assault. While juries are permitted to draw reasonable inferences from circumstantial evidence, "there

must be a rational connection between an 'inferred fact' and one proved at trial[.]" *State v. Miller*, 197 W. Va. 588, 610 n.27, 476 S.E.2d 535, 557 n.27 (1996) (citation omitted). The same infirmity taints the use or presentment conviction. Here, based on the petitioner's possession of a firearm, the State asked the jury to infer not only that he discharged it during the charged incident, constituting wanton endangerment, but also that he used or presented it during his assault on the victim based on evidence that lacked any demonstrated temporal or causal connection to conduct that would constitute the elements of the charged offenses. Without the hearsay testimony discussed below,[1] the record does not contain sufficient admissible evidence from which "any rational trier of fact could have found the essential elements of the crime[s] proved beyond a reasonable doubt." Syl. Pt. 1, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

The State's evidence connecting the firearm to the charged conduct instead came from two categories of hearsay testimony from the victim's sister and a responding deputy recounting: (1) the alleged contents of a voicemail message the victim left her sister requesting assistance,[2] and (2) statements the victim allegedly made to her sister and the

---

[1] When evidence "of a nonconstitutional nature" is admitted improperly, the requisite analysis requires "the inadmissible evidence to be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt. If the remaining evidence is found to be insufficient, the error is not harmless[.]" Syl. Pt. 2, in part, *State v. Atkins*, 163 W. Va. 502, 261 S.E.2d 55 (1979).

[2] The circuit court permitted both the victim's sister and the responding deputy to testify to the voicemail's contents, though the State did not offer the voicemail itself as evidence, and their differing accounts in that regard underscore the unreliability inherent

responding deputy describing how she sustained her injuries.[3] The circuit court admitted this testimony over timely, specific hearsay objections.

The State argued at trial that the witnesses' testimony about the voicemail was admissible to show its "effect on the listener," but that rationale does not withstand scrutiny on this record. Statements offered to explain their effect on a listener are admissible only when the listener's responsive conduct is itself relevant. *See Herbert J. Thomas Memorial Hospital Association v. Nutter*, 238 W. Va. 375, 392-93, 795 S.E.2d 530, 547-48 (2016) (noting that "words offered to prove the effect on the hearer are admissible when they are offered to show their effect on one whose conduct is at issue.") (citation omitted). Here, however, neither the sister's decision to contact law enforcement nor the deputy's decision to respond to the residence was disputed or material.[4] The State did not

___

in hearsay testimony. The victim's sister testified that the victim "called and asked me to bring the police and . . . stated that he'd already broke both of her legs and hit her in the head and she thinks her back was broken," but made no mention of a firearm. By contrast, the responding deputy testified that the voicemail stated the petitioner "had pistol-whipped her and fired a gun in the house." These materially different recitations of the same out-of-court statement illustrate the danger of admitting hearsay testimony without meaningful safeguards and the substantial risk that such testimony will unfairly prejudice the accused.

[3] Because the majority concludes that the petitioner waived any challenge to the sister's inadmissible hearsay testimony while she was identifying photographs of the victim's injuries, it does not address the additional hearsay testimony elicited by the State and admitted by the circuit court. Yet because that testimony bears on the cumulative prejudicial effect of the erroneously admitted hearsay evidence, further discussion is warranted.

[4] Thus, this testimony was also objectionable as irrelevant. *See State v. Morris*, 227 W. Va. 79, 80-81 n.3, 705 S.E.2d 583, 587-88 n.3 (2010) (per curiam) (noting that "normally, 'the receipt of [effect on the listener] evidence should be determined under

merely elicit testimony that the victim sounded frightened or requested assistance. Instead, it introduced accusatory assertions concerning firearm use or presentment and discharge. Those assertions "establish[ed] th[e] overt facts" of the two firearm offenses that are the subject of this appeal and "provide[d] a fundamental link" between the petitioner and these two firearm-related charges. *State v. Phillips*, 187 W. Va. 205, 208, 417 S.E.2d 124, 127 (1992). Under these circumstances, the purported non-hearsay purpose ("effect on the listener") was illusory, and the testimony functioned instead as substantive evidence of guilt.

Moreover, even if the statements had been admissible for a limited, non-hearsay purpose,[5] evidence not offered as proof of the matter asserted may not be used as substantive proof of the defendant's guilt, and the circuit court provided no limiting instruction restricting the jury's consideration of the testimony. That omission materially compounded the prejudice. This Court has repeatedly emphasized that when evidence is admitted for a limited purpose, the jury must be instructed regarding the narrow scope for which it may consider the evidence. *See State v. Collins*, 186 W. Va. 1, 9-10, 409 S.E.2d

---

principles of relevancy pursuant to Rules 401-403."); *State v. Maynard*, 183 W. Va. 1, 5, 393 S.E.2d 221, 225 (1990) (concluding that "since the issue [of the detectives' conduct] was not relevant to the prosecution, nor the defense, it was error to allow [the d]etectives . . . to testify about the anonymous phone call which implicated the defendant.").

[5] *See* Syl. Pt. 1, in part, *State v. Maynard*, 183 W. Va. at 2, 393 S.E.2d at 222 (holding that out-of-court statements are admissible without implicating the hearsay rule when offered for purposes such as "motive, intent, state-of-mind, identification or reasonableness of the party's action[,]" but not for the truth of the content).

181, 189-90 (1990) (emphasizing that prior statements admitted solely for impeachment purposes "may only be considered as bearing on the witness's credibility and not as substantive evidence[]" and that the trial court bears an affirmative obligation to instruct the jury accordingly); *State v. James B., Sr.*, 204 W. Va. 48, 53-54, 511 S.E.2d 459, 464-65 (1998) (per curiam) (finding no error in the admission of out-of-court statements explaining relevant conduct where the court provided a lengthy limiting instruction regarding the narrow purpose for which the jury could consider the testimony).[6] Here, the jury heard highly prejudicial out-of-court accusations directly implicating the petitioner in these firearm offenses without any instruction limiting their use.[7] Absent a limiting instruction, there was no reason to expect the jury to confine its consideration of the testimony to the narrow purpose identified by the State ("effect on the listener"). In practical effect, the testimony was left before the jury as substantive proof of guilt, the very use ostensibly prohibited by the State's proffered basis for admission. Permitting the State to introduce such testimony without an accompanying limiting instruction risks allowing the "effect on

---

[6] Comparably, with regard to the admission of prior bad acts evidence pursuant to W. Va. R. Evid. 404(b), "the prosecution is required to identify the specific purpose for which the evidence is being offered and the jury must be instructed to limit its consideration of the evidence to only that purpose. *State v. McGinnis*, 193 W. Va. 147, 154, 455 S.E.2d 516, 523 (1994).

[7] I agree with the majority that the petitioner's proffered limiting instruction was not a correct statement of the law, which generally precludes reversal. However, finding the evidentiary errors sufficient to reverse the petitioner's firearm-related convictions, I would not have reached the issue. I would note, however, that "there is a continuing duty on the part of the trial court to see to it that the jury [is] properly instructed upon all matters pertinent to [its] decision of the cause." *State v. Dozier*, 163 W. Va. 192, 196, 255 S.E.2d 552, 554 (1979) (citation omitted).

the listener" rationale to become a vehicle for circumventing both the hearsay rule and a defendant's right to a fair trial.

I next address the question of preservation of the error. The State contends, and the majority agrees, that the victim's sister's testimony asserting how the victim received her injuries was received without objection, but the record does not support that characterization. First, as the majority has noted, prior to trial, the defense filed a Motion in Limine to Preclude the Introduction of Hearsay Statements by the State, including "any statements made by Brenda McClellan outside of the deposition." Despite the majority's finding that the petitioner failed to preserve his objection, the petitioner's motion in limine was sufficient to preserve it. *See* Syl. Pt. 12, *State v. Bradshaw*, 193 W. Va. 519, 457 S.E.2d 456 (1995) (holding that "[a]n objection to an adverse ruling on a motion in limine to bar evidence at trial will preserve the point, even though no objection was made at the time the evidence was offered, unless there has been a significant change in the basis for admitting the evidence.") (citation omitted).

Further, during the testimony at issue, while the prosecutor was asking proper foundational questions concerning photographs of the victim's injuries, the witness repeatedly volunteered non-responsive hearsay explanations for how the various injuries

allegedly occurred.[8] Defense counsel objected to the hearsay portions of the witness's testimony both before and after these answers were completed. While it is true that the petitioner did not immediately move to strike the witness's nonresponsive hearsay answer "She said he hit her in the head with a gun[,]" after the next identification question regarding the same exhibit, when the witness again began to offer an explanation for the injury rather than an identification of what the injury was, counsel objected to the imminent hearsay, and the court sustained the objection. Regarding the very next exhibit, when the witness again offered an explanation for the cause of the injury in addition to identifying the injury, the petitioner immediately objected, requested a sidebar, and expressly argued that "every bit of her testimony as to how she sustained these injuries is all hearsay. She can testify to the fact that that is an injury, but she doesn't know how it occurred. It's all hearsay." The circuit court agreed and sustained the objection, advising counsel that the witness could identify the photographs and injuries but could not continue recounting what the victim allegedly told her. In this context and under these circumstances, the issue was adequately preserved, and I disagree with the majority's finding to the contrary.

West Virginia Rule of Evidence 103(a) is phrased in the disjunctive, and our cases generally find waiver where a party neither objected nor moved to strike at all or

_____

[8] The witness herself recognized the problem with her testimony, at one point stating, "It's a picture of my sister's leg. It's gashed open because – this is probably considered hearsay, but she said he kicked her. He kicked her with steel-toe boots on."

failed to do so timely.[9] In *Voelker v. Frederick Bus. Props. Co.*, this Court declined to consider the assignment of error where the appellant neither timely objected nor moved to strike. 195 W. Va. 246, 255, 465 S.E.2d 246, 255 (1995). Specifically, the Court noted that it "could not find in the record before us where the appellant's counsel objected to the admission of such testimony nor did the appellant's counsel note when the objection was made." *Id*. Regarding a separate evidentiary challenge, the Court observed that the appellant objected not to the testimony she later challenged on appeal, but to different evidence, and that objection was made only "after she had responded to several more questions regarding [the different evidence]." *Id*. Similarly, the Court has found the error to be waived where the petitioner "*never* objected to the introduction of evidence" complained of on appeal. *In re Tiffany Marie S.*, 196 W. Va. 223, 234, 470 S.E.2d 177, 188 (1996) (emphasis added). Likewise, in finding untimely an objection to the competency of a witness made three trial days after the witness's testimony, the Court noted that such objection "must be made and the point saved when the witness or his testimony is offered at trial[.]" *Yates v. University of West Virginia Bd. of Trustees*, 209 W. Va. 487, 492-93, 549 S.E.2d 681, 686-87 (2001) (quoting Syl. Pt. 3, in part, *First Nat. Bank of Ronceverte v. Bell*, 158 W. Va. 827, 215 S.E.2d 642 (1975)). Similarly, in *State v. Bragg*, the Court found that, "though the prosecuting attorney should not have elicited the testimony" at issue, "*no objection* was noted of record to this testimony[.]" 140 W. Va. 585, 615, 87 S.E.2d 689, 707 (1955) (emphasis added). The Court also noted that procedural rules "should not be

---

[9] It bears noting that the proper procedure is to object to improper questions and move to strike objectionable answers.

applied by this Court so as to withhold from this Court its duty to see that every defendant in a criminal case has a fair trial." *Id*. at 603, 87 S.E.2d at 700.

The majority's abbreviated discussion of specificity also fails to account for what the record plainly demonstrates, which is that the petitioner's objection could not have been more clear. This Court has found that where the opponent of the evidence "attempted to bombard the trial court with a number of objections to [the witness's] testimony" but "neglected to alert the trial court that it was attempting to make a Rule 404(b) argument[,]" the asserted error was waived. *Perrine v. E.I. du Pont de Nemours and Co.*, 225 W. Va. 482, 531, 694 S.E.2d 815, 864 (2010). Similarly, this Court has found an evidentiary issue not preserved for appeal where the petitioner argued in a pretrial motion that the witness's proposed testimony would be irrelevant and unduly prejudicial, though "he provided no explanation as to why[,]" and "raised no objection to [the witness's] testimony at trial." *State v. Blickenstaff*, 239 W. Va. 627, 631, 804 S.E.2d 877, 881 (2017). Additionally, the Court reiterated its previous holdings that

> as to specificity, we have held: "To preserve an issue for appellate review, a party must articulate it with *such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect*. Indeed: "Trial courts should not have to guess the nature of claimed defects[] . . . [and] this Court should not have to examine with a fine tooth comb the lines of trial transcripts to discern the true meaning of objections made at trial."

*Id*. (citations omitted) (emphasis in original).

Applying these principles to the facts of this case, the majority's conclusion that the petitioner did not preserve his objections is not supported by the record. Here, in addition to the petitioner's pretrial motion in limine, while the witness was testifying, defense counsel interrupted her non-responsive answer to object to it as "calling for hearsay," and the court sustained the objection "to anything further as to what she was told." Nonetheless, undaunted, while identifying the next photograph, the witness again offered an explanation grounded only in inadmissible hearsay for the cause of victim's injury. The petitioner again immediately objected, asked for a sidebar, and specifically argued that "every bit of her testimony as to how she sustained these injuries is all hearsay. She can testify to the fact that that is an injury, but she doesn't know how it occurred. It's all hearsay." The court agreed, stating "I'm not going to let her go on with describing what was told to her on every occasion. . . . I think her continuing to talk about what was told to her I'm not going to allow. She can just identify who it is and what she's seeing." Under these circumstances, I cannot agree with the majority that the petitioner failed to preserve the point of error. His objections, both before and during the trial, were timely and specific, and thus he clearly preserved the issue for appellate review.[10]

---

[10] However, even if preservation were imperfect, admission of the testimony constituted plain error. The testimony recounting the contents of the voicemail and the victim's alleged descriptions of how she sustained her injuries was plainly hearsay offered for the truth of the matter asserted. No valid exception justified its admission. Because that testimony supplied the only evidence of the firearm-related offenses on appeal, its admission affected the petitioner's substantial rights and seriously affected the fairness and integrity of the proceedings as to those charges. *See* Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). *See also* W. Va. R. Crim. P. 52(b); Syl. Pt. 1, in part, *State v. Myers*, 204 W. Va. 449, 513 S.E.2d 676 (1998) (holding that this Court "may, sua sponte, in the interest of justice, notice plain error.").

Further, as stated above, while I agree with the majority's conclusion that Deputy Render's testimony relating what the victim allegedly told him about how she sustained her injuries could not be salvaged by the hearsay exceptions provided by Rule 803(1) and (3), necessitating reversal of the wonton endangerment conviction, I cannot agree that the error in admitting his testimony did not have a prejudicial effect on the jury such that the petitioner's conviction of use or presentment of a firearm can stand. Deputy Render did not testify that the petitioner "hit [the victim] in the head with a gun" as the victim's sister testified; he testified that the petitioner "pistol-whipped" his mother. This inflammatory language painted a picture for the jury that would be hard to ignore. He also testified that "he struck her with the butt end of a pistol" twice in one sentence. These two distinct instances of inadmissible hearsay testimony followed the multiple hearsay statements from the victim's sister discussed *supra*. Thus, the cumulative effect of the errors in admitting the witnesses' hearsay testimony prevented the petitioner from receiving a fair trial as to the convictions on the gun-related charges. *See* Syl. Pt. 5, *State v. Smith*, 156 W. Va. 385, 193 S.E.2d 550 (1972).

Because the State's only proof of the firearm-related offenses on appeal depended entirely upon hearsay that was inadmissible under the Rules of Evidence, and because the cumulative effect of the admission of both witnesses' hearsay testimony denied the petitioner a fair trial on those charges, I would reverse the petitioner's convictions on both firearm-related counts and remand for further proceedings.