No. 13-0099 – *State of West Virginia v. Gary Lee Rollins*

**FILED**

**June 17, 2014**

**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

WORKMAN, Justice, concurring:

While I concur with the result reached by the majority in affirming the Petitioner's conviction, as well as the concurring opinion by Justice Loughry, I write separately to emphasize that the analysis employed by the circuit court in its twenty-eight page order allowing the photographic evidence of domestic violence to be admitted at trial was very thorough, well-reasoned and supported by the facts and law. As the circuit court determined, the victim's statements to two other individuals relating to the photographs were not offered for the truth of the matter asserted and, therefore, were not hearsay. *See* W. Va. R. Evid. 801(c) ("Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). As this Court has previously held

> 'Generally, out-of-court statements made by someone other than the declarant while testifying are not admissible unless: 1) the statement is not being offered for the truth of the matter asserted, but for some other purpose such as motive, intent, state-of-mind, identification or reasonableness of the party's action; 2) the statement is not hearsay under the rules; or 3) the statement is hearsay but falls within an exception provided for in the rules.' Syl. Pt. 1, *State v. Maynard*, 183 W. Va. 1, 393 S.E.2d 221 (1990).

Syl. Pt. 3, *State v. Morris*, 227 W.Va. 76, 705 S.E.2d 583 (2010); *see State v. Kaufman*, 227

1

W. Va. 537, 552, 711 S.E.2d 607, 622 (2011); *see also State v. Phillips*, 194 W. Va. 569, 592, 461 S.E.2d 75, 98 (1995)(Workman, dissenting)(discussing statements made by victim at a time close to her death about defendant's extramarital affairs and girlfriends not being offered for the truth of the matter asserted, but "to circumstantially prove the Defendant's motive to murder his wife[,]"and further opining that "to conclude, as the majority essentially does, that these statements do not establish such a motive or that motive is irrelevant in a case where the Defendant claims 'accidental killing' is, quite frankly, absurd!"), *overruled on other grounds by State v. Sutherland*, 231 W. Va. 410, 745 S.E.2d 448 (2013). Thus, the circuit court correctly reasoned that the statements involving the photographs were "not being offered for the truth of the matter asserted, but are, rather, being admitted solely for the purpose of identifying the bruises seen in the photographs. Accordingly, and so long as the statements are only used for identification purposes, they do not constitute inadmissible hearsay." In other words, the statements were offered to show that the bruises were not something that happened to the decedent accidentally; rather they were alleged to have been intentionally inflicted upon the decedent by the Petitioner.

Notwithstanding the circuit court's conclusion that the statements made in conjunction with the photographs were not hearsay, the circuit court proceeded to analyze whether the statements would fall within any of the exceptions to the hearsay rule. Once again, the circuit court correctly determined that even if it had found that the statements were

2

hearsay, they were still admissible under either Rule 803 of the West Virginia Rules of Evidence concerning present-sense impression or Rule 804(b)(5) of the West Virginia Rules of Evidence regarding the catch-all exception. The circuit court very methodically set forth why the statements at issue were admissible under both exceptions.

After concluding that the statements at issue were admissible under the hearsay rules, the circuit court continued its analysis by examining the statements under the Confrontation Clause. Upon exploring the statements under *State v. Mechling*, 219 W. Va. 366, 633 S.E.2d 311 (2006), the circuit court arrived at the legally sound conclusion that the statements made by the victim, Teresa Collins, to two separate individuals regarding her bruises and injuries were nontestimonial for purposes of the Confrontation Clause. As this Court has previously stated in *Kaufman*,

> Unlike testimonial out-of-court statements, *nontestimonial* statements may be admissible in a criminal trial if it is shown that the witness was unavailable for trial, and that the witness's statement bore adequate indicia of reliability. *See Mechling*, 219 W. Va. at 371, 633 S.E.2d at 316. In syllabus point five of *James Edward S.*, we held that
>
>> [e]ven though the unavailability requirement has been met, the Confrontation Clause contained in the Sixth Amendment to the United States Constitution mandates the exclusion of evidence that does not bear adequate indicia of reliability. Reliability can usually be inferred where the evidence falls within a firmly rooted hearsay exception.

3

However, where such statements are not offered under a hearsay exception considered to be "firmly-rooted," then the statements are presumptively unreliable and must be excluded "at least absent a showing of particularized guarantees of trustworthiness.'" *James Edward S.*, 184 W.Va. at 414, 400 S.E.2d at 849 (internal quotations omitted).

*Kaufman*, 277 W. Va. at 551-52, 711 S.E.2d at 621-22 (footnote omitted).

Finally, I want to stress the importance of prior domestic violence evidence between the deceased and the defendant in cases such as this. In this case the evidence was offered and found admissible under West Virginia Rule of Evidence 404(b) to show absence of mistake or accident. Evidence of prior acts of domestic violence also would have been admissible in this case to show motive, or even intent. *See id.* As we have previously stated,

"[t]he circumstances under which such evidence may be found relevant and admissible under the Rule have been described as 'infinite.' Some of such circumstances are set forth in the Rule itself, but the cataloguing therein is merely illustrative and not exclusionary." Consequently, W. Va. R. Evid. 404(b) is an "inclusive rule" in which all relevant evidence involving other crimes or acts is admitted at trial unless the sole purpose for the admission is to show criminal disposition.

*State v. Edward Charles* L., 183 W. Va. 641, 647, 398 S.E.2d 123, 129 (1990)(quoting *U.S. v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980)). Moreover, this Court has previously found that acts of violence between the defendant and deceased are admissible. *See State v. LaRock*, 196 W. Va. 294, 313, 470 S.E.2d 613, 632 (1996) (addressing father's conviction for the murder of his infant son and explaining that "[e]vidence of the prior attacks and beatings not

4

only demonstrated the motive and setup of the crime but also was necessary to place the child's death in context and to complete the story of the charged crime. We hold that historical evidence of uncharged prior acts which is inextricably intertwined with the charged crime is admissible over a Rule 403 objection."); *State v. Smith*, 178 W. Va. 104, 108 n.2, 358 S.E.2d 188, 192 n.2 (1987) ("As to the relevancy of other violent acts between a defendant and a deceased, courts have generally permitted such evidence to show ill will or hostility as bearing upon intent, malice and motive for the homicide.").

For the foregoing reasons, I respectfully concur.