# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **A.M.**

**No. 17-0480** (Webster County 16-JA-72)

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.M., by counsel Christopher G. Moffatt, appeals the Circuit Court of Webster County's March 20, 2017, order terminating her parental rights to A.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in relying on improper evidence to form the basis of adjudication and disposition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed an abuse and neglect petition against petitioner. According to the DHHR, A.M., then eleven years old, disclosed sexual abuse by petitioner dating back to between August of 2008 and August of 2010. At the time of the disclosure, the child lived with her father. According to the child's interview at the Child Advocacy Center ("CAC"), petitioner engaged in multiple instances of sexual abuse during this period. The child disclosed that petitioner inserted objects into the child's vagina and her own vagina while watching pornography, inserted her fingers into the child's vagina, attempted to force the child to insert her fingers into petitioner's vagina, and attempted to perform oral sex on the child, among other disclosures. According to the child, when petitioner attempted to perform oral sex on her, the child resisted and kicked petitioner, which resulted in petitioner slapping the child. In addition to her disclosures regarding sexual abuse, the child also stated that petitioner abused alcohol and drugs while caring for her. During an investigation by law enforcement, petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

admitted to masturbating in bed with the child when the child was approximately one year old, but she denied the other allegations. As a result of the investigation, petitioner was charged criminally with sexual crimes. Based on these disclosures, the DHHR alleged that petitioner abused and/or neglected the child. At a subsequent preliminary hearing, the circuit court found probable cause to support the child's removal.[2]

The circuit court held a series of adjudicatory hearings beginning in November of 2016 and concluding in January of 2017. During one of the hearings, petitioner requested leave to rebut the presumption that testifying would be harmful to the child. The circuit court then permitted both petitioner and the child's maternal grandmother to provide testimony on this issue. Ultimately, the circuit court found that, pursuant to Rule 8 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, the potential harm to the child in testifying outweighed the necessity of the testimony. This was especially true in light of the child's recorded interview containing the disclosures at issue being admitted into evidence. As such, the circuit court ordered that the child would not be required to testify in the proceedings. The circuit court further directed the DHHR to obtain additional records, including a prior evaluation of the child, in order to provide the records to the parties. Ultimately, the circuit court ruled that certain records, including a prior interview the child gave at the CAC in 2008, were neither relevant nor exculpatory and ordered them sealed. Ultimately, the circuit court adjudicated petitioner of having sexually abused the child, in addition to other findings.

Thereafter, the circuit court held a dispositional hearing, during which it addressed its prior ruling on the documents regarding the child's past disclosures. According to the circuit court, it "reviewed both CAC interviews of the infant respondent from 2008" and again found that there was no relevant evidence contained therein. As such, the circuit court again ordered the records sealed and declined to revisit petitioner's adjudication. In regard to petitioner's request for an improvement period, the circuit court found that she presented no evidence that she would be likely to fully comply with the same and denied her request. The circuit court further found that petitioner refused to accept responsibility for the abuse in the home and terminated her parental rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[2]The DHHR later filed an amended petition against the child's father based upon unrelated allegations.

[3]Petitioner's parental rights to A.M. were terminated below. The child's father is currently on an improvement period. According to the guardian, the child remains in the home of her maternal grandparents. According to the parties, the permanency plan is reunification with the father, while the concurrent plan is adoption by the grandparents.

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner alleges that both adjudication and disposition below were erroneous because they were predicated on the admission of the child's most recent CAC interview. She further alleges that these rulings were erroneous because the circuit court failed to require disclosure of two prior CAC interviews with the child from 2008. Upon our review, however, the Court finds no error in the proceedings. We have held

"[t]he West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard." Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995).

Syl. Pt. 3, *In re J.S.*, 233 W.Va. 394, 758 S.E.2d 747 (2014). In support of her argument that the circuit court should have required disclosure of the child's 2008 CAC interviews, petitioner fails to cite to any authority that would have required disclosure of the same, aside from her general assertion that she requested such documents in the discovery process. We find, however, that the circuit court did not err in denying the production of these documents to the parties. In its dispositional order, the circuit court specifically addressed both 2008 CAC interviews and plainly stated that they did not contain any relevant information. Based upon this finding, the circuit court declined to release the documents to the parties. While petitioner argues that she "should have at least been afforded the opportunity to review what the [S]tate reviewed," she fails to explain how her review of irrelevant evidence would have impacted the proceedings. Accordingly, we find no abuse of discretion.

Further, we find no error in either the circuit court's acceptance of the child's most recent CAC interview into evidence or in its ruling denying petitioner's request for the child to testify. On appeal, petitioner argues, confusingly, that the circuit court "merely accepted that a 'rebuttable presumption' against the child testifying existed, and this presumption was unrebuttable." On the contrary, the circuit court properly applied Rule 8 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. In the context of child testimony in abuse and neglect proceedings, this Court has held as follows:

3

In a child abuse and neglect civil proceeding held pursuant to West Virginia Code § 49-6-2 (2009) [now West Virginia Code § 49-4-601], a party does not have a procedural due process right to confront and cross-examine a child. Under Rule 8(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, there is a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony. The circuit court shall exclude this testimony if it finds the potential psychological harm to the child outweighs the necessity of the child's testimony.

Syl. Pt. 7, *In re J.S.*, 233 W.Va. 394, 397, 758 S.E.2d 747, 750 (2014). Contrary to petitioner's argument on appeal, the record shows that the circuit court did permit her the opportunity to rebut the presumption that potential harm outweighed the necessity of the child's testimony. Specifically, petitioner produced her own testimony and that of the maternal grandmother in support of her position. However, after, hearing their testimony, the circuit court found that the presumption of harm had not been rebutted. On appeal, petitioner provides no evidence that testifying would not have harmed the child. On the contrary, her only arguments seek to attack the child's reliability as a basis for necessitating her testimony. As such, we find no error in the circuit court's ruling that the potential harm to the child outweighed the necessity of her testimony.

This is especially true in light of the child's recorded CAC interview. According to Rule 8 of the Rules of Procedure for Child Abuse and Neglect Proceedings,

the [circuit] court may exclude the child's testimony if (A) the equivalent evidence can be procured through other reasonable efforts; (B) the child's testimony is not more probative on the issue than the other forms of evidence presented; and (C) the general purposes of these rules and the interest of justice will best be served by the exclusion of the child's testimony.

Here, the circuit court made these findings upon substantial evidence. Specifically, the circuit court found that the child's recorded CAC interview, which it admitted into evidence, was equivalent to her potential testimony. On appeal, petitioner argues that the child's statement was unreliable and the circuit court should not have admitted the hearsay into evidence. We do not agree.

As explained in *In re J.S.*, 233 W.Va. 394, 758 S.E.2d 747 (2014), following the exclusion of the child's testimony due to emotional and psychological harm, the admission of the child's out-of-court statements into evidence remains subject to the rule against hearsay. In that case, this Court considered a hearsay challenge to the admission of videos of the children in an abuse and neglect proceeding being interviewed about suffering sexual abuse at the hands of their parents. In reviewing that evidence, this Court determined that the children's out-of-court video statements constituted hearsay, but explained that the videos fell under hearsay exceptions that permitted their admission. This Court explained that

[g]enerally, out-of-court statements made by someone other than the declarant while testifying are not admissible unless: 1) the statement is not being offered for

4

the truth of the matter asserted, but for some other purpose such as motive, intent, state-of-mind, identification or reasonableness of the party's action; 2) the statement is not hearsay under the rules; or 3) the statement is hearsay but falls within an exception provided for in the rules. Syl. Pt. 1, *State v. Maynard*, 183 W.Va. 1, 393 S.E.2d 221 (1990).

*In re J.S.*, 233 W.Va. at 405, 758 S.E.2d at 758. Based on its review in that case, this Court concluded that there was "no error in the circuit court's decision to admit the videotaped interviews of the children because the record reflects they fall under the residual exceptions to the hearsay rules, embodied in West Virginia Rules of Evidence [Rule 807]" *Id.* at 406, 758 S.E.2d at 759.

Similarly, in this case, the child's recorded interview constitutes hearsay, as it included out-of-court statements by non-declarants admitted for the truth of the matter asserted, but those statements fall under the residual exception to the hearsay rule. *See* W.Va. R. Evid. 801(c) (defining hearsay); *id.* at Rule 807 (providing factors to evaluate residual exception to hearsay rule). To fall under the residual exception to the hearsay rule, the out-of-court statements must satisfy the following five factors:

> First and most important is the trustworthiness of the statement, which must be equivalent to the trustworthiness underlying the specific exceptions to the hearsay rule. Second, the statement must be offered to prove a material fact. Third, the statement must be shown to be more probative on the issue for which it is offered than any other evidence the proponent can reasonably procure. Fourth, admission of the statement must comport with the general purpose of the rules of evidence and the interest of justice. Fifth, adequate notice of the statement must be afforded the other party to provide that party a fair opportunity to meet the evidence.

Syl. Pt. 5, in part, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987).

Here, all five factors are satisfied. Specifically, the circuit court found as that

> the statements in the interview have equivalent circumstantial guarantees of trustworthiness; it is offered as evidence of a material fact; it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable means; and admitting it will best serve the purposes of these rules and interests of justice.

Moreover, the record is clear that petitioner had ample notice that the DHHR would seek to introduce the recording into evidence. On appeal, petitioner questions the child's reliability extensively. However, the circuit court specifically found that it reviewed both the child's interview and petitioner's testimony and ultimately concluded that the child's statement was credible. As we have held, "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Accordingly, we find no error in the circuit court's

admission of the interview in question. Further, because we find no error in the circuit court's evidentiary rulings, we find no error in the circuit court's reliance on this evidence to support both adjudication and disposition.

Finally, the Court finds no error in the termination of petitioner's parental rights. On appeal, petitioner argues that the circuit court should have imposed a less-restrictive dispositional alternative. However, petitioner's argument ignores the circuit court's findings regarding her failure to acknowledge the abuse in the home, the fact that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Specifically, the circuit court found that petitioner had "not accepted any responsibility in this matter." As this Court has held,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable . . . .

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Given petitioner's refusal to accept responsibility for the child's abuse, the circuit court was correct in finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future. Moreover, in light of the circuit court's finding that petitioner "caused significant emotional injury to the child by the sexual abuse[,]" the circuit court was similarly correct in finding that termination of petitioner's parental rights was necessary to protect the child's health, safety, and welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings. Accordingly, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 20, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker