# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **T.M., B.M., and I.M.**

**No. 19-0779** (Mineral County 19-JA-11, 19-JA-12, and 19-JA-13)

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father S.M., by counsel Nicholas T. James, appeals the Circuit Court of Mineral County's July 24, 2019, order terminating his parental rights to T.M., B.M., and I.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Meredith H. Haines, filed a response on behalf of the children also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent and permitting a Child Protective Services ("CPS") worker to introduce hearsay by testifying to I.M.'s disclosures of abuse.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2019, the DHHR filed a child abuse and neglect petition against the mother alleging that she abused T.M. and B.M. by failing to provide a safe home. An amended petition was filed adding I.M., who did not live in the home, and petitioner to the proceedings. Allegations against petitioner included that he was incarcerated in New York upon his conviction of second-degree assault and would not be eligible for parole until December of 2020. Petitioner filed a motion to dismiss him as a respondent from the proceedings because the sole allegation against

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not assign as error the termination of his parental rights.

1

him was that he was incarcerated. At a hearing held in April of 2019, the circuit court held petitioner's motion in abeyance pending a multidisciplinary team ("MDT") meeting.

The DHHR filed a second amended petition against petitioner in May of 2019, alleging abandonment and a history of domestic violence and drug abuse in the presence of the children. According to the petition, the children reported that they had not seen petitioner since January of 2016 and had not lived with him since approximately 2015. I.M. also reported that, around 2016, petitioner threatened to kill her family; attempted to punch the mother; and "banged [I.M.'s] head against the door," causing a black eye. Lastly, I.M. reported that her mother and petitioner regularly used heroin, methamphetamine, and marijuana.

The circuit court held an adjudicatory hearing in June of 2019. The DHHR presented the testimony of a CPS worker, who testified regarding I.M.'s disclosures. Specifically, the worker testified that I.M. reported that petitioner came to the family's home in May of 2016 and engaged in domestic violence in the presence of the children, leading to police involvement. The worker also testified that I.M. disclosed that petitioner abused drugs and threatened to harm the family. Petitioner objected to this testimony as hearsay, but the circuit court overruled the objection, finding that it would be more detrimental to have the children testify in the matter. Petitioner also objected to testimony regarding the allegations of domestic violence and drug abuse, which occurred in 2016. The circuit court overruled this objection as well, noting that "it is all relevant to where this family stood and what got us to where we are today."

Petitioner testified that the children had not lived with him since May of 2013 and blamed the mother for keeping the children from him. Petitioner denied abusing drugs and claimed that I.M. was lying about his drug use. Further, petitioner blamed his violent outburst in 2016 on the mother's drug use in the presence of the children. Petitioner conceded that he had not seen the children since 2016 and informed the circuit court that he had been incarcerated since 2018. Ultimately, the circuit court adjudicated petitioner as an abusing parent based on the fact that he abandoned the children, made no attempts to contact the children after 2016, had not paid child support, and had unresolved issues with domestic violence and drug abuse.

In July of 2019, the circuit court held a dispositional hearing wherein petitioner requested both a post-adjudicatory and a post-dispositional improvement period. A CPS worker testified that petitioner remained incarcerated and was, therefore, unable to participate in services. Petitioner testified that he could participate in programs offered by the facility in which he was incarcerated and that it would take him approximately eight months to complete his programs. At the close of evidence, the circuit court found that petitioner showed a lack of parental participation. Specifically, the circuit court noted that petitioner knew of the children's location in 2016 and took no steps to initiate any court action regarding custody or visitation. Although the circuit court noted that petitioner testified that he could participate in services while incarcerated, it found that there was no way to monitor these programs or ensure that petitioner could participate in an improvement period in a meaningful way. As such, the circuit court terminated petitioner's parental rights, finding that there was no reasonable likelihood that petitioner could correct the

conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. It is from the July 24, 2019, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent. Specifically, petitioner claims that the allegations of drug use and domestic violence occurred in 2016, well before the filing of the petition in 2019. Petitioner argues that these allegations were considered in violation of West Virginia § 49-4-601(i), which states that findings of abuse and neglect "must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence." Further, petitioner contends that the allegations of abandonment were not proven by clear and convincing evidence, especially given that there were "compelling circumstances" that prevented him from visiting or otherwise communicating with the children.[4] Because the allegations of drug abuse and domestic violence did not exist at the time the petition was filed, petitioner contends that the only valid allegation against him was his incarceration. As such, petitioner argues that the circuit court should have held a hearing consistent with this Court's holding in *Cecil T.*, that is

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit

---

[3]The mother's parental rights were terminated below. The children were placed in the same foster home with a permanency plan of adoption therein.

[4]In making his argument regarding the insufficiency of the evidence to prove abandonment, petitioner relies upon West Virginia Code § 48-22-306, which sets forth a situation in which abandonment is presumed for purposes of adoption proceedings. Child abuse and neglect proceedings, however, are governed by their own statutory scheme set forth in Chapter 49 of the West Virginia Code. As such, West Virginia Code § 48-22-306 is simply not controlling in this matter.

court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Id.* at 91, 717 S.E.2d at 875, syl. pt. 3. Having reviewed the record, we find no merit in petitioner's arguments.

We have said:

At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. . . . The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

*In re F.S.*, 233 W. Va. 538, 544, 759 S.E.2d 769, 775 (2014). This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Id*. at 546, 759 S.E.2d at 777 (citing *Brown v. Gobble*, 196 W. Va. 559, 564, 474 S.E.2d 489, 494 (1996)). However, "the clear and convincing standard is 'intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" *Id.* at 546, 759 S.E.2d at 777 (quoting *Cramer v. W. Va. Dep't of Highways*, 180 W. Va. 97, 99 n.1, 375 S.E.2d 568, 570 n.1 (1988)).

Pursuant to West Virginia Code § 49-1-201, "'[a]bandonment' means any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child[.]" Further, West Virginia Code § 49-1-201 defines a "neglected child" as a child

[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when that refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian.

Here, sufficient evidence, apart from any allegations of drug abuse and domestic violence in 2016, existed to adjudicate petitioner of abuse and neglect. Specifically, petitioner testified that he had not lived with the children since 2013 and had not seen them since 2016. While petitioner blames the mother for keeping the children from him, the evidence establishes that petitioner knew of the children's whereabouts as of 2016, but took no steps to petition any court for custody or visitation. Further, petitioner failed to provide his children with any sort of monetary support, shelter, supervision, food, or clothing despite the fact that he was not incarcerated until 2018. Therefore, a substantial amount of time passed between petitioner becoming aware of the children's location and the date of his incarceration; however, petitioner fails to adequately explain

why he did not contact the children or provide any support to them. As such, we find no error in the circuit court's adjudication of petitioner based upon abandonment, as the evidence clearly establishes that petitioner demonstrated a settled purpose to forgo his duties and parental responsibilities to the children.

Having found that sufficient evidence of abandonment existed, it is clear that petitioner was not adjudicated solely on the basis of his incarceration. We further note that petitioner's reliance upon Syllabus Point 3 of *Cecil T.* is misplaced, as it applies "[w]hen no factors and circumstances other than incarceration are raised *at a disposition hearing* in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future." *Id.* at 91, 717 S.E.2d at 875 (emphasis added). Given that petitioner's argument regards his adjudication, rather than his disposition, and other allegations of abuse and neglect were proven, we find that this aspect of petitioner's argument is, likewise, without merit.

Petitioner also argues that the circuit court erred in allowing the CPS worker to testify to I.M.'s allegations of abuse and neglect against petitioner, which constituted hearsay. Petitioner contends that the circuit court should have required I.M. to testify because she is now fifteen years old and the second amended petition was based largely on her disclosures. Petitioner argues that there was no issue of psychological harm to I.M. as there were no allegations that he physically battered or sexually abused her. We find no error under the circumstances of this case.

We have previously held that

> [i]n a child abuse and neglect civil proceeding held pursuant to West Virginia Code § [49-4-601], a party does not have a procedural due process right to confront and cross-examine a child. Under Rule 8(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, there is a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony. The circuit court shall exclude this testimony if it finds the potential psychological harm to the child outweighs the necessity of the child's testimony.

Syl. Pt. 7, *In re J.S.*, 233 W. Va. 394, 758 S.E.2d 747 (2014). In reviewing the circuit court's admission of this evidence, we begin with the well-established rule that

> [g]enerally, out-of-court statements made by someone other than the declarant while testifying are not admissible unless: 1) the statement is not being offered for the truth of the matter asserted, but for some other purpose such as motive, intent, state-of-mind, identification or reasonableness of the party's action; 2) the statement is not hearsay under the rules; or 3) the statement is hearsay but falls within an exception provided for in the rules.

Syl. Pt. 1, *State v. Maynard*, 183 W. Va. 1, 393 S.E.2d 221 (1990). Clearly, the caseworker's testimony regarding I.M.'s disclosures in the instant matter was hearsay as it was a statement by the child offered to prove the truth of the matter asserted. However, under the limited circumstances of this case, we find that petitioner was not prejudiced by the caseworker's

testimony. Indeed, petitioner admits that the caseworker's testimony regarding I.M.'s disclosures was "limited to [I.M.'s] observations of alleged drug use from 2015 and the circumstances of the 2016 incident." Given that petitioner was properly adjudicated on the basis of abandonment, disclosures made by I.M. regarding drug abuse and domestic violence did not prejudice petitioner at adjudication. As such, if any error occurred, it was harmless under the limited circumstances of this case.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 24, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison