# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KEVIN R.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-135**    (Fam. Ct. Kanawha Cnty. Case No. 10-D-1694)

**MEGAN H.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin R.[1] appeals the Family Court of Kanawha County's February 28, 2024, Final Order Regarding Modification denying his request for the parties' two children to reside primarily with him. Respondent Megan H. responded in support of the family court's decision.[2] The issue on appeal is whether the family court erred by refusing to allow the children to state their firm and reasonable preferences to the court, a guardian ad litem ("GAL"), or a psychologist, and instead relied on the parties' testimony and proffer from their counsel regarding the children's custodial preferences. Kevin R. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is vacated, and this case is remanded with directions to either obtain the firm and reasonable preference of the younger child by utilizing one of the methods discussed below or provide an analysis regarding why those methods should not be utilized in this case, and to enter a new order consistent with this decision.

Kevin R. ("Father") and Megan H. ("Mother") were previously married but separated in 2010. Two children were born of the marriage, namely, K. R. ("older child"), born in 2007, and J. R. ("younger child"), born in 2009. In the original divorce order, the

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Kevin R. is represented by G. Wayne Van Bibber, Esq. Megan H. is represented by Erica Lord, Esq.

1

parties were given 50-50 parenting time, on a week-on, week-off basis. Shortly after the divorce, the parties decided that a two-two-three parenting plan was better for the children and followed that plan until Father filed a petition for modification on March 17, 2023.[3] In Father's petition, he alleged that the children expressed their desire to live primarily with him and choose when they have parenting time with Mother. He asserted that the children were over the age of fourteen and wished to modify the parenting plan based upon their firm and reasonable preferences pursuant to West Virginia Code § 48-9-402(b)(3)-(4) (2022).[4]

A temporary hearing was held on Father's petition on April 19, 2023. During that hearing, both parties agreed that the older child expressed a preference to live primarily with Father, but still requested that a GAL be appointed to determine both children's preferences. The family court refused their request to appoint a GAL and found that the younger child did not have a preference as to her living arrangements. On September 21, 2014, Father filed a motion to allow a forensic psychologist to interview the children to ascertain their custodial preferences. The family court denied Father's motion.

The final hearing was held on February 8, 2024. At the outset of the hearing, both parties again requested that a GAL be appointed for the children or that the family court interview the children to obtain their firm and reasonable preferences. The family court denied both requests, relying on Rule 8 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings,[5] and found that the psychological harm to the children

---

[3] This occurs when a child alternates parenting time between parents every two or three days.

[4] West Virginia Code § 48-9-402(b)(3)-(4) states:

The court may modify any provisions of the parenting plan without the showing of the changed circumstances required by § 48-9-401(a) of this code if the modification is in the child's best interests, and the modification:
. . .
(3) Is necessary to accommodate the reasonable and firm preferences of a child who, has attained the age of 14; or
(4) Is necessary to accommodate the reasonable and firm preferences of a child who is under the age of 14 and, in the discretion of the court, is sufficiently matured that he or she can intelligently express a voluntary preference;

[5] Rule 17(a) of the West Virginia Rules of Practice and Procedure for Family Courts incorporates the procedures and provisions of Rule 8 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings when family courts take the testimony of children through in camera interviews.

would outweigh the need for their testimony when their preferences could instead be proffered to the court by the parties.

During the final hearing, the family court requested that both parties' counsel proffer the children's wishes and then made an inquiry of the parties regarding the children's wishes. Father testified that both children had a firm preference to reside primarily with him. Mother testified that she had cancer and that she did not believe that either child wished to live primarily with Father. The final order was entered on February 28, 2024, and found the following: (1) during the temporary hearing, both parties agreed that the older child had expressed a preference to live primarily with Father; (2) the younger child still had no preference; (3) the younger child would continue to follow the two-two-three schedule previously adopted by the parties; (4) the older child would primarily reside with Father and spend one week per month with Mother; (5) both children would call Mother once weekly; (6) that Mother would have both children for every spring break and two weeks every July; (7) Father was designated as the primary residential parent for both children; and (8) the court's adopted parenting plan was in the children's best interests.[6] It is from the February 28, 2024, final order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises five assignments of error. Four assignments of error are closely related, which we will consolidate. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

---

[6] In the final order, the family court determined that Father's testimony was more credible regarding the children's preferences because Mother's testimony contained "quite a bit of speculation." However, the family court also found Father to be "less credible regarding the younger child's preference."

In his first, second, fourth, and fifth assignments of error, Father asserts that the family court erred by forcing the parties to speculate and proceed with hearsay evidence regarding their children's wishes rather than obtaining their firm and reasonable preferences first-hand. We agree, in part, with Father's assertion. The family court stated in its final order that both parties testified during the temporary hearing that the older child expressed a preference to live primarily with Father. Therefore, the issue of obtaining the firm and reasonable preference of the older child is moot. However, because the younger child was not given the opportunity to express her firm and reasonable preference and the parties disagreed on this issue, the most reliable course of action is to obtain her firm and reasonable preferences first-hand.

> The Supreme Court of Appeals of West Virginia has consistently held that
>
> [g]enerally, out-of-court statements made by someone other than the declarant while testifying are not admissible unless: 1) the statement is not being offered for the truth of the matter asserted, but for some other purpose such as motive, intent, state-of-mind, identification or reasonableness of the party's action; 2) the statement is not hearsay under the rules; or 3) the statement is hearsay but falls within an exception provided for in the rules.

Syl. Pt. 1, *State v. Maynard*, 183 W. Va. 1, 393 S.E.2d 221 (1990). Clearly, the parties' testimony regarding the younger child's preferred living arrangements was hearsay as it was offered to prove the truth of the matter asserted. *See* W. Va. R. Evid. 801(c).[7]

---

[7] We also considered whether the parties' testimony regarding the younger child would meet the residual exception under West Virginia Rule of Evidence 807 but determined that it did not because their testimony lacked the requisite guarantees of trustworthiness. Since the parties disagree and both have an interest in the outcome, they have a conflict of interest, which necessarily raises a question as to their credibility. Rule 807 of the West Virginia Rules of Evidence states:

> (a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests of justice.
> (b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer

In addition to the parties' testimony regarding the younger child's preferences being inadmissible hearsay, we also note that the family court had the authority and discretion to obtain her firm and reasonable preferences first-hand under West Virginia Code § 51-2A-7(a)(1) (2013), which grants family courts the authority to "manage the business before them." The family court could have given the child the opportunity to express her preferences to a forensic psychologist, to the family court through an in camera interview, or by the appointment of a GAL. However, here, the family court refused all three options. The final order adequately analyzed why the family court decided not to utilize in camera proceedings. However, in its order, the family court failed to supply sufficient rationale to justify its decision not to appoint a GAL or offer the child the opportunity to express her preferences to a psychology professional.

Without first obtaining the younger child's firm and reasonable preference, the family court was unable to exercise its discretion in any meaningful way, particularly when the family court expressed in its final order that both parties, at different times, lacked credibility. In short, there should be a clearly articulated and sufficient reason to refuse to obtain a child's firm and reasonable preference, easily obtainable directly from her, when the alternative requires the court to conduct a credibility analysis involving hearsay. Therefore, we remand on these assignments of error with directions to either obtain the younger child's firm and reasonable preferences first-hand through one of the methods described above or to issue a new order with thorough analysis explaining why those options are not appropriate.[8]

As his third assignment of error, Father contends that the family court erred by granting Mother more parenting time than she had before the petition for modification was filed even though she did not request additional parenting time. Regarding the older child's parenting time, we disagree. As quoted above, West Virginia Code § 48-9-402(b)(3)-(4) states that a family court may modify any provisions of the parenting plan to accommodate the reasonable and firm preferences of a child who has attained the age of fourteen as long as the modification is in the child's best interest. Here, the final order states that the oldest child "shall primarily reside with her Father and shall spend one week per month with her

---

the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

[8] Both parties requested throughout the proceedings below that the family court allow both children the opportunity to present their firm and reasonable preferences. Father raised the same issue on appeal, even though the family court found that the older child desired to primarily live with him and structured her parenting time to reflect her preferences. Because the issue of the older child's preferences is moot, this Court will not address it. However, if, on remand, the family court determines that the older child's preferences should be obtained first-hand along with the younger child, it has the discretion to obtain both children's preferences.

Mother." The court further stated that its decision regarding the older child was based upon her preference as well as Mother's illness. Therefore, the family court's decision was not erroneous with respect to the older child. We decline to address this assignment of error for the younger child, as it is premature since Mother's parenting time will be determined on remand once the family court obtains her firm and reasonable preference and formulates a visitation schedule that promotes her best interest.

Accordingly, we vacate the February 28, 2024, order, and remand this matter to the Family Court of Kanawha County with directions to either obtain the younger child's firm and reasonable preferences using one of the methods discussed above that does not rely on hearsay testimony of the parties, or to issue a more thorough order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review explaining why those methods should not be utilized. The final order is hereby converted to a temporary order until the entry of a new final order consistent with this decision is issued by the family court.

Vacated and Remanded, with Directions.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear