# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DANIEL Y.,**
**Respondent Below, Petitioner**

**vs.)  No. 23-ICA-34**          (Fam. Ct. Cabell Cnty. No. 21-D-493)

**ANNE Y.,**
**Petitioner Below, Respondent**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Daniel Y.[1] appeals the January 3, 2023, Cabell County Family Court order, which granted Anne Y., primary custodial parent with decision making authority and $20,000 in attorney fees. Daniel Y. asserts that the family court erred in deviating from the prior 50-50 arrangement without identifying a substantial change in circumstances. Anne Y. timely filed a response.[2] Daniel Y. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for remand in a memorandum decision. For the reasons expressed below, this case is affirmed in part, vacated in part, and remanded to the family court for entry of an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review.

Daniel Y. and Anne Y. married in 2003 and share three minor children. The parties divorced on February 9, 2022.[3] Regarding the children, pursuant to the final divorce order, the parties were granted 50-50 parenting time and equal decision-making authority.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Daniel Y. is represented by Amy Crossan, Esq. Anne Y. is represented by Jennifer Ransbottom, Esq.

[3] An appeal concerning the parties' settlement agreement was decided by this Court in *Anne Y. v. Daniel Y.*, No. 22-ICA-229, 2023 WL 3581506 (W. Va. Ct. App. May 22, 2023) (memorandum decision).

In April 2022, Daniel Y. was assaulted and severely injured by Bryan B., Anne Y.'s then boyfriend, now husband. Daniel Y. filed an emergency ex parte motion for custody of the children, which was granted on April 29, 2022. That same day, Anne Y. filed a domestic violence petition against Daniel Y., as well as her own ex parte motion for emergency relief. On May 11, 2022, Anne Y. filed a petition for modification of custody and child support. In response, Daniel Y. filed counter petitions for supervised visitation and a motion for Anne Y. to submit to a parental fitness evaluation due to her ongoing relationship with Bryan B.

On June 28, 2022, the family court entered a temporary order that denied Daniel Y.'s motions for a parental fitness evaluation and supervised visits, dismissed the domestic violence petition, and terminated the emergency ex parte order, restoring the 50-50 parenting plan. The family court further ordered, among other things, that Bryan B. was not to be in the presence of the children, prohibited Daniel Y. from drinking alcohol during his parenting time, and required the use of an alcohol detection device.

The family court conducted a full-day hearing on August 2, 2022. The next day, the family court interviewed, in camera, the parties' oldest child, then 14 years old.

On August 23, 2022, the family court held another hearing, during which Anne Y. disclosed her marriage to Bryan B. Anne Y. also informed the family court that she was pregnant and requested that the family court lift the restrictions imposed on Bryan B. so that he could help her recover after delivery. The family court entered an order on September 1, 2022, that eliminated the restriction prohibiting Bryan B. from being in the children's presence, eliminated Daniel Y.'s alcohol restriction, and continued the 50-50 parenting plan.

On November 10, 2022, the family court conducted a final hearing on the allocation of custodial responsibility. Evidence was presented alleging that Daniel Y. had: (1) yelled at the children to the point that it scared them, (2) sent pictures of him blowing into the Soberlink monitor with the children in the background, (3) allowed the parties' nine-year-old to drive an electric scooter by herself in Washington, D.C., (4) while on vacation in Washington, D.C. and New York City, sent all three children to their Airbnb with an Uber alone, (5) sent the oldest child out, unsupervised, to get pizza and drinks while on vacation, (6) enrolled the youngest child in therapy without Anne Y.'s consent, and (7) sent multiple unsuitable text messages to the oldest child about Anne Y. and Bryan B.

At the final hearing, Daniel Y. objected to Anne Y.'s testimony regarding the alleged events that occurred during the Washington D.C. and New York City trips. Daniel Y. argued that the testimony was inadmissible hearsay because it was solely based on what

the children had told Anne Y., as she was not present during those trips. The court nonetheless permitted and considered Anne Y.'s testimony.[4]

The family court entered its final order on January 3, 2023, designating Anne Y. as the primary custodial parent with sole decision-making responsibility. Daniel Y.'s parenting time was reduced from 50-50 to Wednesday evenings and alternating weekends. The family court also awarded Anne Y. $20,000 in attorney fees. It is from the January 3, 2023, order that Daniel Y. now appeals.

The Supreme Court of Appeals of West Virginia has said that to properly review an order of a family court:

> "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—i.e. making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 364, 745 S.E.2d 250, 255 (2013).

When reviewing the order of a family court, we apply the following standard of review:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law de novo." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

---

[4] The recording of this hearing is unavailable due to technical issues with the family court's recording system. We therefore are unable to evaluate whether the admission of hearsay constituted harmless error. *See Misty D.G. v. Rodney L.F.*, 221 W. Va. 144, 151, 650 S.E.2d 243, 250 (2007); *see also State v. Maynard*, 183 W. Va. 1, 4, 393 S.E.2d 221, 224 (1990).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate review of a family court order).

On appeal, Daniel Y. raises four assignments of error. First, Daniel Y. contends that the family court erred in modifying the prior 50-50 parenting plan without examining whether a substantial change in circumstances had occurred. West Virginia Code § 48-9-401(a) (2022) provides:

> [A] court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

We agree with Daniel Y. and find the family court's January 3, 2023, order to be insufficient. While it is unclear whether the testimony regarding the trips was inadmissible hearsay, ultimately, in its order, the family court failed to identify a substantial change in circumstances that would justify a deviation from the 50-50 parenting plan. Therefore, we vacate and remand the family court's order with directions to issue an order with sufficient findings of fact and conclusions of law to facilitate meaningful appellate review on the issue of whether there has been a substantial change in circumstances to justify the significant custodial modification resulting from the November hearing.[5]

For similar reasons, we also agree with Daniel Y.'s contention that the family court erred in awarding Anne Y. sole decision-making responsibility. Similar to 50-50 parenting time, West Virginia Code § 48-9-207(b) (2022) creates a rebuttable presumption that decision-making responsibility should be held jointly, unless rebutted by the factors contained in West Virginia Code § 48-9-209 (2022). Again, the family court's order lacks sufficient legal analysis to explain how it concluded that the presumption had been rebutted. Although the family court acknowledged that the parties were not able to work together in a "co-operative and collaborative manner," which echoes one of the factors found in West Virginia Code § 48-9-209(f), the applicable Code section is not cited, nor

---

[5] The order must reflect the strong legislative policy in favor of 50-50 parenting plans and make findings as to how, even if the 50-50 presumption is rebutted, the new schedule (limited to Wednesday evenings and alternating weekends for Daniel Y.) "maximizes the time each parent has with the child and is consistent with ensuring the child's welfare." W. Va. Code § 48-9-102a (2022).

does the family court include it as a part of its conclusions of law.[6]  Because the family court did not make sufficient findings of fact or conclusions of law to support its conclusion that the presumption favoring joint decision-making had been rebutted, we vacate the family court's ruling and remand the issue for a new order analyzing the relevant rebuttal factors within West Virginia Code § 48-9-209.

Next, Daniel Y. contends that the family court erred in lifting the restriction that prohibited Anne Y.'s new spouse, Bryan B., from being near the children. West Virginia Code § 48-9-209(b)(7) grants family courts the authority to restrict the presence of specific persons while the parent is with the children. The family court made a specific finding that the restrictions were no longer necessary for the on-going safety and well-being of the children. The family court further found that both older children expressed that they enjoyed being around Bryan B. and are not afraid of him, despite the attack on Daniel Y. The family court concluded that the assault was an isolated event and "out of character" for Bryan B., and found no evidence that the children are in any danger when around him. Accordingly, we find that the family court did not clearly err on this issue.

Finally, Daniel Y. contends that the family court erred in awarding Anne Y. $20,000 in attorney fees. We disagree. Daniel Y. argues the family court failed to apply the factors applicable to awarding attorney fees found in *Banker v. Banker*, 196 W. Va. 535, 551, 474 S.E.2d 465, 481 (1996). The *Banker* factors have been previously applied in a case involving child custody. *See Paugh v. Linger*, 228 W. Va. 194, 200–201, 718 S.E.2d 793, 799–800 (2011). However, more recently, the Supreme Court of Appeals has made it clear that the *Banker* factors do not apply in matters outside of divorce actions. *See Ashlea P. v. Kevin H.*, No. 21-0310, 2022 WL 9856498, at *1 (W. Va. Oct. 17, 2022) (memorandum decision); *In re N.P.*, No. 19-1187, 2021 WL 365283, at *5 (W. Va. Feb. 2, 2021) (memorandum decision); *E.O.R. v. M.D.W.*, No. 17-0355, 2018 WL 1218023, at *6 (W. Va. Mar. 8, 2018) (memorandum decision). Therefore, we conclude that *Paugh* is an outlier and affirm the family court's decision to disregard the *Banker* factors.

Daniel Y. further argues that the family court invoked and misapplied West Virginia Code § 48-1-305(c) (2001), which allows a family court to award fees when a party asserts unfounded or vexatious claims. However, Daniel Y. does not appear to recognize that the family court's award did not rely on West Virginia Code § 48-1-305(c). Under West Virginia Code § 48-1-305(b), a family court has authority to award attorney fees "reasonably necessary to enable the other party to prosecute or defend the action." *See also In re N.P.*, 2021 WL 365283, at *5. In its order, the family court's analysis focused on the

---

[6] The family court found the concerns regarding the parties' ability to work cooperatively and collaboratively in the best interests of the children could "potentially rebut the presumption" that 50-50 parenting time is in the best interest of the children, but never made a definitive finding to this regard.

5

significant disparity between the parties' incomes and earning potential, concluding that Anne Y. required representation in this matter. In calculating the fee, the family court further highlighted the significant expense of litigating this matter but considered it reasonable in light of the parties' mutual unwillingness to concede on any issue. As a result, the family court ordered Daniel Y. to contribute $20,000 towards the total amount of $27,315.70 Anne Y. had accrued in fees. With these findings in mind, we conclude that the family court did not abuse its discretion by requiring Daniel Y. to pay a portion of Anne Y.'s fees to enable her to litigate this matter. Accordingly, we affirm the family court's award attorney fees to Anne Y.[7]

Based on the foregoing, we affirm in part and vacate in part, the family court's January 3, 2023, order, and remand to the family court for the entry of an order consistent with this decision.

Affirmed in part, Vacated in part, and Remanded.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear

---

[7] As an ancillary matter, Daniel Y. also argues that the family court failed to provide a rationale as to justify the amount of fees it awarded. Daniel Y. asserts that the family court needed to conduct a twelve-factor analysis to determine a reasonable fee award pursuant to Syl. Pt. 4, *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W. Va. 190, 191, 342 S.E.2d 156, 157 (1986). Our earlier discussion of *Banker* addresses this point. The applicability of the *Pitrolo* test to attorney fee awards in divorce actions was incorporated by the *Banker* decision. *Banker*, 196 W. Va. at 551, 474 S.E.2d at 481 ("As guidance . . . in addressing [an award of attorney fees] upon remand, we refer the court to our holding in [*Pitrolo*]."). Because *Banker* is inapplicable in this context, we decline to apply *Pitrolo*. *See Ashlea P.*, 2022 WL 9856498 at *1 n.3 (finding a lower court's application of *Banker* to be error but affirming on other grounds, as it was apparent from the record that West Virginia Code § 48-1-305 provided a basis for an award of fees). As discussed above, the family court considered relevant factors to determine the amount of fees, if any, necessary to enable Anne Y. to litigate this matter under West Virginia Code § 48-1-305(b).

Judge Thomas E. Scarr
Judge Charles O. Lorensen